IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DENISE RIVERA,**

        Plaintiff,

   v.

**CAROLYN W. COLVIN, acting**
**Commissioner of the Social**
**Security Administration**,

        Defendant.

No. 6:12-cv-02132-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Denise Rivera filed a complaint [1] seeking review of the Commissioner's decision to deny her application for disability insurance benefits and supplemental security income. Because I find that the ALJ gave improper reasons for discounting the statements of four lay witnesses, I reverse the ALJ's decision and remand the cause for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff Denise Rivera applied for disability insurance benefits and supplemental security income on May 13, 2009, alleging an onset date of November 24, 2008. (Tr. [14-6] at 139, 141.) Her applications and requests for reconsideration were denied. (Tr. [14-5] at 89, 94, 100, 104.) A hearing was held before Administrative Law Judge ("ALJ") Riley Atkins on August 22, 2011. (Tr. [14-3] at 60.)

1 – OPINION AND ORDER

At the hearing, Ms. Rivera testified that she suffers from pain that limits her activities. *Id.* at 67. She described shooting pain that travels from her lower back into both legs. *Id.* She takes ibuprofen to alleviate it. *Id.* at 72. Because of her pain, Ms. Rivera is able to sit only for twenty to thirty minutes at a time, and for three hours in total in a typical day. *Id.* at 73–74. She is able to stand or walk for fifteen minutes at a time, and for two to three hours total. *Id.* She can lift no more than ten pounds, and cannot squat without experiencing pain in her ankles. *Id.* at 75. She also testified that she uses an inhaler for breathing difficulties and takes medication for varicose veins. *Id.* at 68–70.

Ms. Rivera keeps a part-time job doing "[l]ight housekeeping" for an elderly, disabled client. *Id.* at 64–65. She makes the bed, sweeps, mops, does laundry, performs "[m]ail prep," manages medications, showers the client, and helps the client dress. *Id.* To accommodate her pain-related limitations, Ms. Rivera's client allows her to raise her legs when necessary, which normally works out to a total of thirty to forty-five minutes in a four-hour period. *Id.* at 71. Her client also allows her to use a walker to carry laundry. *Id.* at 75. In the past, Ms. Rivera once worked at the state fair two or three hours per day for eight or nine days. *Id.* at 66.

In addition to her own testimony, Ms. Rivera submitted written statements from four lay witnesses. These statements corroborated many of the pain-related limitations that Ms. Rivera described.

The ALJ issued a decision concluding that Ms. Rivera is not disabled on August 31, 2011. *Id.* at 30. Based on her daily activities, lack of objective medical support, failure to seek treatment, and drug-seeking behavior, the ALJ concluded that Ms. Rivera's testimony had "limited credibility." *Id.* at 26–27. He rejected all four lay statements for lack of objective

support. *Id.* at 28. When the Appeals Council denied Ms. Rivera's request for review, the ALJ's decision became the final decision of the Commissioner. *Id.* at 1.

Ms. Rivera filed a complaint [1] in this Court seeking review of the Commissioner's decision on November 21, 2012. On October 24, 2013, I heard oral argument [26] and took the matter under advisement.

## DISCUSSION

Ms. Rivera argues that the ALJ erred in two ways: in finding her testimony not credible, and in discounting statements provided by four lay witnesses. As explained on the record at oral argument, I hold that the ALJ did not err in assigning little weight to Ms. Rivera's testimony, and do not further discuss the matter here.

At oral argument, I set forth a tentative conclusion that the ALJ erred in rejecting the lay witnesses' statements merely because they lacked objective medical support. For the first time in this action, the Commissioner argued that lack of objective support is no longer an improper reason for discounting lay statements concerning claimants' subjective symptoms. I took the matter under advisement, and now hold that the ALJ erred in rejecting the lay statements for mere lack of support in the medical record.

**I.  Mere Lack of Objective Medical Support Is Not a Proper Reason for Discounting Lay Witness Statements.**

An ALJ may "properly discount[] lay testimony that conflicted with the available medical evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). The Ninth Circuit has repeatedly reiterated that inconsistency with the objective medical record is a proper reason for discounting lay testimony regarding a claimant's subjective symptoms. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Twelve years after *Vincent*, in *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), the Ninth Circuit concluded that an ALJ may not reject lay testimony regarding pain and other symptoms merely because objective medical evidence failed to support them. *Id.* at 1288–89. It relied upon SSR 88-13, 1988 WL 236011 (1988), which provides that

> [w]hen the claimant indicates that pain is a significant factor of his/her alleged inability to work, and the allegation is not supported by objective medical evidence in the file, the adjudicator shall obtain detailed descriptions of daily activities by directing specific inquiries about the pain and its effects to the claimant, his/her physicians from whom medical evidence is being requested, and other third parties who would be likely to have such knowledge.

*Id.* at *1. The Ninth Circuit interpreted this ruling to require the ALJ to consider lay statements when the medical records do not support the reported severity of the claimant's symptoms. *Smolen*, 80 F.3d at 1289. The ALJ therefore could not reject lay testimony merely because it was not supported by objective medical evidence. *Id.* The court recently reiterated this holding. *See Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (holding that an ALJ may not discount "lay testimony as not supported by medical evidence in the record").

Some courts have read the *Vincent* and *Smolen* lines to provide that an ALJ may reject subjective reports that she finds are affirmatively inconsistent with medical evidence, and not those that merely lack objective support. *Atwood v. Astrue*, 742 F. Supp. 2d 1146, 1151–52 (D. Or. 2010); *Matthews v. Astrue*, No. 10-5496, 2011 WL 2940450 at *19 n.6 (W.D. Wash. June 17, 2011); *Staley v. Astrue*, No. 09-1424, 2010 WL 3230818 at *18–*19 (W.D. Wash. July 27, 2010).

4 – OPINION AND ORDER

Other courts have found that *Vincent* and *Smolen* are in conflict, apparently conflating the absence of supporting medical evidence with the presence of contradictory medical evidence. *See Glover v. Astrue*, 835 F. Supp. 2d 1003, 1009 (D. Or. 2011) (remarking on the apparent conflict); *Bolar v. Astrue*, No. 10-1748, 2011 WL 5036826 at *4 (C.D. Cal. Oct. 24, 2011) (reasoning that *Vincent* and *Smolen* leave it "unclear . . . whether an ALJ may summarily reject lay testimony based on the fact that it is 'not supported by the objective medical findings'"); *Bond v. Astrue*, No. 10-106, 2010 WL 4272870 at *1 (C.D. Cal. Oct. 25, 2010) (reasoning that *Smolen* contradicts *Vincent*); *Seaman v. Astrue*, No. 09-5353, 2010 WL 1980331 at *7 (W.D. Wash. Apr. 19, 2010) (same); *Cook v. Astrue*, No. 08-636, 2010 WL 729414 at *12 (D. Ariz. Mar. 1, 2010) (conflating "lack of medical evidence supporting a lay statement" with "inconsistency with medical records"). Two of these courts resolved the apparent conflict by favoring the *Vincent* line and concluding that mere lack of objective support is a proper reason for discounting lay statements. *Glover*, 835 F. Supp. 2d at 1012; *Bond*, 2010 WL 4272870 at *2.

In reaching this conclusion, the district courts in *Glover* and *Bond* noted that the Commissioner long ago rescinded the agency ruling supporting the Ninth Circuit's decision in *Smolen*. 835 F. Supp. 2d at 1011; 2010 WL 4272870 at *2. The ruling, SSR 88-13, was superseded by SSR 95-5p, 1995 WL 670415 (1995). *Glover* and *Bond* observe that SSR 95-5p contains no directives concerning the weighing of lay testimony. *Glover*, 835 F. Supp. 2d at 1011–12; *Bond*, 2010 WL 4272870 at *2. They note also that the agency regulations concerning reports of pain and other subjective symptoms, 20 C.F.R. §§ 404.1529(c)(3), (c)(4), 416.929(c)(3), (c)(4), draw no distinction between lack of objective support and affirmative inconsistency with objective evidence. *Id.* Accordingly, these courts concluded that the agency law that formed the basis of the *Smolen* decision is no longer in effect.

5 – OPINION AND ORDER

At oral argument on Ms. Rivera's complaint, the Commissioner relied on these cases to argue that mere lack of objective support is no longer categorically an improper reason to discount lay testimony in the Ninth Circuit. I disagree for two reasons. First, the notion that agency rulings no longer support the *Smolen* line of decisions is not correct. Second, the nature of subjective symptoms requires that courts recognize a distinction between affirmative contradiction with the medical record and mere lack of support within it.

Each of the district courts who found the *Vincent* and *Smolen* lines in conflict overlooked SSR 96-7p, 1996 WL 374186 (1996).[1] SSR 96-7p superseded SSR 95-5p a year after the earlier ruling's issuance. *Id.* It provides that "allegations concerning the intensity and persistence of pain or other symptoms may not be disregarded solely because they are not substantiated by objective medical evidence." *Id.* at *1. This is precisely the holding of the *Smolen* line.

More importantly, given the nature of subjective symptoms, courts should not conflate lack of objective medical support and affirmative inconsistency with the medical record. Subjective symptoms "sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone." *Id.* As long as those symptoms could reasonably be expected to result from an impairment supported by objective medical evidence, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), the ALJ should reject reports of their severity based only on affirmative contradictory evidence in the medical record, not absence of supporting evidence. In other words, where subjective symptoms are concerned, absence of evidence is not evidence of absence. I hold that lack of objective medical support is not a proper reason for discounting lay witness reports of a claimant's pain and other subjective symptoms.

---

[1] The court noted in *Glover* that SSR 96-7p superseded SSR 95-5p, but did not discuss any of its provisions. 835 F. Supp. 2d at 1008 n.2.

6 – OPINION AND ORDER

## II.   The ALJ Improperly Discounted the Lay Witnesses' Statements for Lack of Objective Support.

The ALJ must consider all evidence of the severity of a claimant's impairments, including the observations of other persons. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). "Lay testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). When an ALJ discounts lay witnesses' testimony, he must "give reasons that are germane to each witness." *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ must not reject a lay witness's subjective report merely because it is not corroborated by objective medical evidence. *Bruce*, 557 F.3d at 1116. Affirmative inconsistencies between subjective reports and objective evidence, on the other hand, are a permissible basis for doing so. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Bayliss*, 427 F.3d at 1218.

An ALJ need not "clearly link" her rejection of lay testimony to specific reasons, as long as the reasons are "arguably germane" and she noted them elsewhere in her decision. *See Lewis*, 236 F.3d at 511–12. In *Lewis*, the ALJ rejected testimony by the claimant's family members as contrary to "documented medical history and findings and prior record statements" without further explanation. *Id.* at 511. The Ninth Circuit held that this was not error, because the ALJ had explained the contradictory medical evidence and statements elsewhere in the decision. *Id.* at 512.

Ms. Rivera submitted four lay witness statements: one from her in-home care client, Starla Campbell, and one each from three friends, Carol Bennett, Narissa Wickersham, and Lorrie Hancock. (Tr. [14-7] at 193, 228, 230, 232.) Ms. Campbell confirmed that she allows Ms. Rivera to adjust her tasks in order to accommodate her limitations, such as by using a walker

7 – OPINION AND ORDER

to carry laundry. *Id.* at 228. Ms. Bennett recited that Ms. Rivera's back problems prevent her from lifting more than ten pounds. *Id.* at 230. Ms. Wickersham also affirmed Ms. Rivera's inability to lift heavy objects without assistance. *Id.* at 232. Ms. Hancock completed a Third Party Function Report, noting that Ms. Rivera is no longer able to dance, to squat or kneel, or to lift more than five pounds. *Id.* at 197–98.

The ALJ found the statements of each of these witnesses "credible to the extent reports of what has been said and heard are accurate." (Tr. [14-3] at 28.) However, he rejected each of their accounts of the extent of Ms. Rivera's symptoms for a single, common reason: "the medical evidence does not support the alleged degree of limitation." *Id.*

Ms. Rivera asserts that the ALJ erred in rejecting the lay witnesses' statements solely because they lacked support in the objective medical evidence. (Pl.'s Brief [15] at 20–21.) The Commissioner rejoins that the ALJ's decision should be read to conclude that the medical evidence contradicted the lay witnesses' observations. (Def.'s Brief [17] at 15.) She argues that, as in *Lewis*, the ALJ's statement that the medical evidence does not support the lay witnesses' reports is explained by his earlier discussion of the medical record. *Id.*

I conclude that the ALJ erred in rejecting the lay witnesses' statements. Unlike in *Lewis*, where the ALJ said that the medical record contradicted lay witness observations but failed to recapitulate those contradictions, the ALJ here gave lack of support as his reason for rejecting the statements. The decision cannot reasonably be read otherwise.

This error is not harmless. The ALJ's only other reason for failing to credit Ms. Rivera's full range of reported limitations is his adverse credibility finding. The lay witnesses' statements are based on their own observations, not Ms. Rivera's subjective reports. These statements may establish that Ms. Rivera is disabled even if Ms. Rivera's testimony is rejected entirely.

8 – OPINION AND ORDER

### III. <u>Remand for Further Proceedings Is Appropriate.</u>

A court should remand for award of benefits "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292. Where the ALJ has erroneously rejected evidence, a court should credit that evidence and direct the Commissioner to award benefits where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* Otherwise, the court should remand for further proceedings.

The first element is met here. The ALJ gave legally insufficient reasons for rejecting the four lay statements that Ms. Rivera submitted, and the error is not harmless. The second and third elements are not met, however. Though lack of objective support was an improper reason for rejecting the lay statements, other, proper reasons may exist. Whether the lay statements are credible is therefore an issue that remains to be resolved. Further, were the lay statements credited, the only necessary change to the ALJ's analysis would be to revise the RFC such that Ms. Rivera would never be required to lift more than ten pounds. Further vocational expert testimony is needed to determine whether a person with such a limitation could compete in the labor market. The record therefore would not conclusively establish that Ms. Rivera is entitled to benefits even if the lay statements were credited.

## CONCLUSION

Because I find that the ALJ rejected four lay witness statements for improper reasons, the final decision of the Commissioner is REVERSED and REMANDED for further proceedings. On remand, the ALJ shall reconsider the weight given to the lay statements, and, if necessary, revise the RFC and present an appropriate hypothetical to a vocational expert.

IT IS SO ORDERED.

DATED this   12th   day of November, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge